WILLIAM HOLMES, *et al.*, plaintiffs in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

## *Error to Kane.*

An application for a continuance in a criminal case is addressed to the discretion of the Court, and the decision thereof cannot be assigned for error.

An affidavit of a deputy sheriff copied into the record of a criminal case, but not embodied in a bill of exceptions, was *held* not properly a part of the record.

The record in a criminal case stated that the jury retired to consider of their verdict in charge of a sworn officer : *Held*, that the presumption was that the Court performed its duty by requiring the proper oath to be administered; that if the officer was not in fact sworn, the defendants should have objected to the irregularity at the time, and if not corrected by the Court, have taken a bill of exceptions.

INDICTMENT for larceny, in the Kane Circuit Court, heard before the Hon. John D. Caton and a jury, at the April term, 1848.

The defendants filed an affidavit and entered a motion for a continuance. The affidavit set forth that they could not have a fair and impartial trial at that term in consequence of the strong prejudice then existing against them in the minds of the people of the county; that they could prove by certain witnesses, in substance, that they came properly into possession of the horses alleged to have been stolen by them, &c. The motion was overruled.

The cause was tried by the jury, and a verdict of guilty rendered against the defendants, fixing the term of their imprisonment in the penitentiary at eight years, upon which verdict the Court rendered a judgment.

*I. N. Arnold*, for the plaintiffs in error.

1. A continuance should have been granted on the facts stated in the affidavit.

2. Counter affidavits were improperly admitted.

3. It was erroneous to abandon the regular panel of jurors, and to summon a new jury to try the cause. Rev. Stat. 184. This was not one of the cases where *tales* are to be summoned. Ib. 310, § 7.

4. There is no order appearing on the records requiring the officer to summon a special jury.

5. The jury were not sworn as is provided by the 189th section of the Criminal Code. See, also, *Jones* v. *The State*, 2 Blackf. 478; *Van Doren* v. *Walker*, 2 Caines, 373; *Fink* v. *Hall*, 8 Johns. 437.

*B. C. Cook*, Circuit attorney, for the people.

The overruling of a motion for a new trial cannot be assigned for error in a criminal proceeding. *Baxter* v. *The People*, 3 Gilm. 371.

It is not necessary for the record to show that the jury were kept in charge of a sworn officer during their retirement. It will be presumed to be so, unless the contrary appear by exceptions taken, or otherwise upon the record. *McKinney* v. *The People*, 2 Gilm. 554; *Baxter* v. *Same*, ib. 578.

There is nothing in the record to show that a special panel was called to try the case, or that the defendants were tried by a special panel.

Affidavits and other papers, to be made a part of the record, should be incorporated in a bill of exceptions.

The Opinion of the Court was delivered by

TREAT, C. J.    The application for a continuance was addressed to the discretion of the Court, and the decision thereof cannot be assigned for error.    *Baxter* v. *The People*, 3 Gilm. 368.

There is nothing in the record on which to base the assignment of error that the Court erred in ordering a special jury to be summoned.    For aught appearing to the contrary, the jurors who tried the prisoners were taken from the regular panel.    The affidavit of the deputy sheriff is not properly a part of the record.    It should have been introduced into the record by a bill of exceptions.

The record states that the jury retired to consider of their verdict in charge of a sworn officer of the Court; and the presumption is, that the Court performed its duty by requiring the proper oath to be administered.    If the officer was not in fact sworn, the defendants should have objected to the irregularity at the time, and if not corrected by the Court, have taken a bill of exceptions.    *McKinney* v. *The People*, 2 Gilm. 540.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*